UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>RONNIE ALLEN LYLES,<br><br>        Defendant. | No. 2:13-cv-1842 KJM AC PS<br><br><br>ORDER |

Pending before the court is plaintiff's November 15, 2013 motion for order permitting alternate service. Defendant has not filed an opposition. On review of the motion and the papers filed in support, THE COURT FINDS AS FOLLOWS:

RELEVANT BACKGROUND

Plaintiff, the United States of America, initiated this action on September 5, 2013 seeking declaratory judgment and injunctive relief against Ronnie Allen Lyles ("Lyles"). Plaintiff contends that Lyles filed a false UCC-1 financing statement with the California Secretary of State against United States Bankruptcy Judge Sarah S. Curley for the District of Arizona to wrongfully and maliciously damage her credit. Plaintiff seeks an expungement of the UCC-1 financing statement and an order permanently enjoining Lyles from filing or attempting to file any document or instrument which purports to create a nonconsensual lien or encumbrance against the property or person of any employee of the United States.

1

With the instant motion, plaintiff seeks an order permitting service of the complaint and summons on Lyles by alternate means, specifically, by regular U.S. Mail sent to him at P.O. Box 2212, Fullerton, California, 92837-0212.  This is the address that Lyles has repeatedly represented to be his current mailing address, as evidenced by the following: (a) on October 10, 2013, the United States Attorney's Office received from Lyles by certified mail, a document entitled "Stipulation for Consent Order and Assignment," which reflects Lyles's address as P.O. Box 2212, Fullerton, California, and purports to be a stipulation to settle this case, Declaration of AUSA Lynn Trinka Ernce ¶ 5 and Ex. B; (b) on October 15, 2013, the United States Attorney's Office received from Lyles by certified mail a document titled "Notice to Principle is Notice to Agent, and Notice to Agent is Notice to Principle," wherein Lyles confirms that "my legal address is P.O. Box 2212, Fullerton, California, [92837]," id. ¶ 6 and Ex. C; (c) on November 7, 2013, the United States Attorney's Office received from Lyles by certified mail a document entitled "Notice of Default Affidavit of Notice" addressed to the AUSA which begins, "YOU ARE HEREBY NOTICED that you are in default of an opportunity to respond to the COMMERCIAL AFFIDAVIT sent to you on October 3, 2013 . . . ," id. ¶ 8 and Ex D, and identifies Lyles's address as P.O. Box 2212, Fullerton, California; (d) on November 12, 2013, the United States Attorney's Office received from Lyles by registered mail a letter to the AUSA which complains that his Notice of Formal Objection to Lack of Service was electronically filed without his knowledge or permission, and it appears that Lyles believes that the AUSA somehow electronically altered and then filed the document with the court. Id. ¶ 9 and Ex. E.  This document also identifies Lyles's address as "Post Office Box 2212, Orange County, near Fullerton, California." Id.  And lastly, (e) on December 16, 2013, defendant filed a document with the court titled "NOTICE OF AND RESCISSION OF NOTICE OF DEFAULT AFFIDAVIT OF NOTICE FOR CAUSE," which also identifies defendant's address as "PO Box 2212, Fullerton, California."  ECF No. 9.

In an attempt to serve defendant in accordance with the Federal Rules of Civil Procedure and California law, plaintiff has attempted the following:

    1. The United States attempted to have Lyles personally served at his last known residence,

2

130 S. Derby Court, Anaheim, California, 92808, but the residence was vacant, so he was not personally served.  See Decl. of Janet Bain ¶ 3 and Ex. F, ECF No. 6-2.

2. On September 13, 2013, the United States attempted substitute service by sending a copy of the summons, complaint and new civil case documents by regular mail and certified mail to Lyles at P.O. Box 2212, Fullerton, California, 92837-0212.  Bain Decl. ¶ 4 and Ex. A.  Although the UCC-1 filed by Lyles lists the same P.O. Box 2212 address, but with an Anaheim zip code, the United States determined through other available information that the post office box most likely was in Fullerton, not Anaheim.  Id.

3. On September 18, 2013, the United States received a signed return receipt.  Bain Decl. ¶ 4 and Ex. A.  The regular mail sent to the post office box was returned with the following statements on the envelope: "Return to Sender, Refused, Unable to Forward" and "Refuse for Cause without Dishoner."  Bain Decl. ¶ 6 and Ex. D.

4. On September 24, 2013, the United States also attempted to serve Lyles by regular and certified mail at 6572 Caxton Street, Mira Loma, CA 91572-4380, which the United States believed was another possible address for Lyles.  Bain Decl. ¶ 5 and Ex. B.  The documents were returned to the United States marked as "AKN," which means "attempted, not known."  Id. ¶ 5 and Ex. C.

5. On September 30, 2013, the United States Attorney's Office received a "Notice of Formal Objection to Lack of Service" that Lyles sent via registered mail.  Ernce Decl. ¶ 2 and Ex. A.  Lyles also filed this document with the court.  ECF No. 4.  There, Lyles states that his address is "Post Office Box 2212, Orange County, near Anaheim, California Republic, International Non- Domestic outside the United States."  See id.  Among other things, Lyles claims in this document that there was no service on him, no authorization for anyone else to accept service on his behalf, and that he is not required to respond to the complaint until proper service is effected.[1]  Id. at 3.

---

[1] Also on September 30, 2013, plaintiff's counsel received a telephone call from a woman named "Tina," who said she was calling on Lyles's behalf.  Ernce Decl. ¶ 3.  The woman would not provide her last name or contact information, and would only say that she was not Lyles's lawyer (continued…)

1. 6. On November 12, 2013, the United States re-served Lyles by regular mail and certified mail at his confirmed legal mailing address, P.O. Box 2212, Fullerton, California, 92837-0212, and included the acknowledgment forms and postage-paid return envelope required by California law.  Bain Decl., ¶ 7 and Ex. E; Cal. Civ. Proc. Code § 415.30.  As of December 9, 2013, defendant has not acknowledged receipt of these documents.  See Pl.'s Statement at 2, ECF No. 7.

DISCUSSION

When serving an individual within a judicial district of the United States, a defendant may be served in accordance with state law governing service.  Fed. R. Civ. P. 4(e)(1).  In California, service of process on an individual inside the state may be accomplished through (1) personal delivery of the summons and complaint on the defendant or an authorized agent, Cal. Code Civ. Proc. § 415.10; (2) substitute service upon another person at the defendant's residence or place of business, id. § 415.20; (3) mail service coupled with an acknowledgment of receipt, id. § 415.30; or (4) by publication, id. § 415.50.  See Schwarzer, et al., Fed. Civ. Proc. Before Trial, § 5.168 at 5-39.

The record in this case establishes that plaintiff first attempted to serve defendant at his last known address, but when the process server went to that address, it was noted that the residence was vacant.  Therefore, it was deemed that service could not be effectuated either personally or through substituted service.

Plaintiff then attempted to serve defendant by mail at P.O. Box 2212, Fullerton,

---

and she was "sort of" his sister.  Id.  Tina said that Lyles was supposed to be on a 3-way conference call with her and the AUSA, but that she had somehow dropped him from the call.  Id.  Tina wanted to know if the United States was going to seek Lyles's default or if the United States wanted to serve him, and said that Lyles wanted to resolve this matter and to know what he needed to do to make it go away.  Id.  The AUSA told Tina that the easiest resolution would involve a stipulation for an order expunging the false lien so that the order could be filed with the Secretary of State.  Id.  Tina said that she thought Lyles wanted to assign the false lien over to the AUSA or to the court, and the AUSA said that was not possible.  Id.  Tina said she would convey this to Lyles and that she was not in a position to agree on anything on his behalf.  Id.  She would not provide Lyles's contact information, but implied that the P.O. Box 2212, Fullerton, California address was the correct mailing address.  Id.  Tina then said that the AUSA would be hearing from Lyles, herself, or both of them, and she hung up on the AUSA.  Id.

1  California, 92837-0212.  "Although California law does permit service of a summons by mail,
2  such service is valid only if a signed acknowledgment is returned and other requirements are
3  complied with[.]"  Barlow v. Ground, 39 F.3d 231, 234 (9th Cir. 1994).  Plaintiff initially mailed
4  the requisite documents on September 23, 2013 by regular mail and certified mail, though it failed
5  to include acknowledgement forms and postage-paid return envelope required by California law.
6  In any event, these documents were returned to plaintiff because defendant refused to receive
7  them.  On November 12, 2013, the Government re-served Lyles by regular mail and certified mail
8  and included the acknowledgment forms and postage-paid return envelope.  Pursuant to
9  California Code of Civil Procedure 415.30(d), plaintiff had until December 2, 2013 to return the
10 acknowledgement form.  Plaintiff's December 9, 2013 statement reveals that defendant has not
11 returned this document.  See Pl.'s Statement at 2, ECF No. 7.

12         Generally, plaintiff bears the burden of effectuating proof of service.  See Butcher's Union
13 Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc., 788 F.2d 535, 538 (9th
14 Cir. 1986).  To meet the due process requirement, "the method of service crafted by the district
15 court must be reasonably calculated, under all the circumstances, to apprise interested parties of
16 the pendency of the action and afford them an opportunity to present their objections."  Rio
17 Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quoting Mullane v.
18 Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  "Statutes governing substitute
19 service shall be 'liberally construed to effectuate service and uphold jurisdiction if actual notice
20 has been received by the defendant.'"  Ellard v. Conway, 94 Cal. App. 4th 540, 544 (2001)
21 (quoting Bein v. Brechtel-Jochim Group, Inc., 6 Cal. App. 4th 1387, 1392 (1992)).

22         In this case, several factors weigh in favor of granting plaintiff's motion: (1) plaintiff's
23 initial attempt at personal service at plaintiff's last known address failed because the residence
24 was vacant, (2) plaintiff cannot obtain contact information from defense counsel as defendant is
25 proceeding in pro per, (3) plaintiff is in receipt of only the contact information that defendant
26 included both on the UCC-1 financing statement and on his written communications with
27 plaintiff, (4) plaintiff's attempts to serve by certified mail at defendant's self-identified address
28 have been frustrated, first, by plaintiff's refusal to accept mail and, then, by his failure to return

the acknowledgement form, (5) defendant has actual notice of this action, as evidenced by his filing of a Notice of Formal Objections on September 30, 2013, ECF No. 4, and by the most recent December 16, 2013 filing specifically identifying this case, ECF No. 9, and (6) defendant's written communications with plaintiff specifically cite the case number for this action. In light of the foregoing, the undersigned finds that the constitutional due process requirements have been met because defendant has been apprised of the pendency of the action and because he has taken advantage of multiple opportunities to respond. Rio, 284 F.3d at 1016.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 15, 2013 motion for order permitting alternate service (ECF No. 6) is granted;
2. Plaintiff is authorized to serve defendant by regular U.S. mail without additionally obtaining a signed acknowledgement form from defendant;
3. The Government's service by mail of the complaint and summons on November 12, 2013 constitutes proper service; and
4. Plaintiff is directed to serve a copy of this order on defendant at P.O. Box 2212, Fullerton, California, 92837-0212, with a copy of the summons and complaint. Defendant shall file a response to the complaint within twenty-one days of service of this order.

DATED: December 19, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE